**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEUTSCHE BANK NATIONAL TRUST.<br>AS TRUSTEE UNDER POOLING<br>AGREEMENT DATED MAY 1, 2006<br>MORGAN STANLEY, ABS CAPITAL I,<br>INC. TRUST 2006HE3, a corporation, et al.,<br><br>　　　　Defendants. | Case No. 1:12-CV-01795-AWI-SMS<br><br>FINDINGS AND RECOMMENDATIONS<br>RECOMMENDING THAT THE COURT<br>GRANT PLAINTIFF'S MOTION TO<br>DISMISS AND REMAND THIS CASE<br>TO STATE COURT FOR LACK OF<br>FEDERAL JURISDICTION<br><br><br>(Doc. 22) |

　　　　Federal jurisdiction in this case is premised solely on Plaintiff's second claim, which alleges violations of the pooling agreement that Defendants filed with the Securities and Exchange Commission, specifically Defendants' failure to comply with certain foreclosure prevention provisions pursuant to the National Housing Act (12 U.S.C. § 1701x(c)(5)). Plaintiff Douglas Smith, proceeding *in propria persona*, now moves to dismiss this case and remand it to California Superior Court for lack of federal question jurisdiction. Defendants respond that Plaintiff's claim pursuant to the National Housing Act is sufficient to establish federal question jurisdiction. Following a careful analysis of the case, including materials and arguments that the parties made in the course of Defendants' motion to dismiss, and applicable law, the undersigned concludes that the allegations in claim 2 are not sufficient to establish federal question jurisdiction. Accordingly, the undersigned

1

recommends that the Court remand this matter to the Fresno Superior Court for resolution of the remaining state-law claims.

## I. Procedural History

On April 1, 2009, Plaintiff filed suit in the Superior Court of California, County of Madera, claiming causes of action for fraud, deceit, wrongful foreclosure, predatory lending, and violation of the Truth in Lending Act of 1969 (15 U.S.C. §§ 1601-1667(f)) ("TILA").  On July 17, 2009, Defendants removed the case to this Court based on federal jurisdiction derived from the TILA Claims.  *Smith v. Deutsch Bank National Trust Company, et al.*, 1:09-cv-01237-LJO-SMS.  After Plaintiff filed an amended complaint omitting the TILA claims, the parties stipulated to the case's remand to Madera County Superior Court.

On June 27, 2012, the Superior Court granted Plaintiff leave to file a fourth amended complaint, adding claims under the National Housing Act (12 U.S.C. § 1701x(c)(5)).  On November 1, 2012, Defendants again removed the case to this Court, contending that the National Housing Act claims were a federal question.  Plaintiff did not challenge the case's removal to federal court.

On January 18, 2013, Defendants moved for dismissal, contending, among other things, that because no private cause of action existed under 12 U.S.C. § 1701x(c)(5), Plaintiff's second claim did not state a cause of action.

## II. Factual Background

On November 8, 2005, Plaintiff executed a deed of trust in favor of New Century Mortgage Corp. to secure a promissory note in an initial principal sum of $204,000.00.  The deed of trust encumbered Plaintiff's property at 418 Rotan Avenue, Madera, California.  On October 5, 2007, the deed of trust was assigned to Deutsche Bank National Trust Company as a trustee under a pooling and servicing agreement.  On October 9, 2007, a notice of default and election to sell under deed of trust was recorded in the Madera County Recorder's office; the default then totaled $4345.49.

On January 11, 2008, a substitution of trustee and notice of trustee's sale were recorded in the Madera County Recorder's office.  The foreclosure sale was scheduled for February 1, 2008. The Trustee's Deed upon Sale was recorded in the Recorder's office on November 10, 2008. Plaintiff was removed from the property on April 14, 2009.

### III. Federal Jurisdiction

Article III, Section 2 of the U.S. Constitution provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ."  Thus, federal district courts have original jurisdiction of all civil actions arising under United States (federal) laws.  28 U.S.C. § 1331.  If a plaintiff has filed in state court a civil action alleging a claim arising under federal law, the defendant may remove the action to federal court.  28 U.S.C. § 1441.

The second cause of action in Plaintiff's fourth amended complaint, which alleges wrongful foreclosure based on Defendant Bank's failure to comply with the foreclosure prevention loan servicing requirements of the National Housing Act (12 U.S.C. § 1701x(c)(5)), formed the basis for Defendants' removing the case to this Court.  Moving for dismissal and remand, Plaintiff argues that the mere mention of a federal statute does not confer federal jurisdiction.

Wrongful foreclosure is a state-law claim.  To determine whether the inclusion of provisions of 12 U.S.C. § 1701x(c)(5) gives rise to a federal claim, the Court must determine whether the servicing provisions of the National Housing Act are a substantial federal issue that the Court must resolve.  *See Drawhorn v. Qwest Commc'ns Int'l, Inc.*, 121 F.Supp.2d 554, 559-60 (E.D. Tex. 2000).

For purposes of federal question jurisdiction pursuant to 28 U.S.C. § 1331, a claim arises under federal law "only if it involves a determination respecting the validity, construction or effect of such a law and the result of the action depends on that determination." *Beaver v. NPC Int'l, Inc.*, 451 F.Supp.2d 1196, 1200 (D.Or. 2006) (*internal quotations omitted*).  "To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Put another way, "[a] claim arises under federal law within §1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim."[1]  *Virgin v. Cnty. of San*

---

[1] Presenting a federal claim on the "face of the complaint" requires that the claim be presented in the complaint itself rather than in subsequent documents filed in the case. *Pan Am. Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663 (1961).

3

*Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir. 2000). A claim only arises under federal law if "it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends." *San Luis Unit Food Producers v. United States*, 772 F.Supp.2d 1210, 1224 n. 4 (E.D.Cal. 2011) (*italics omitted*).

"'The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998), *quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). It must be clear from the face of the complaint under the well-pleaded complaint rule that federal subject matter jurisdiction exists. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989). Jurisdiction does not depend on the correctness of the plaintiff's interpretation of the federal statute it invokes in its complaint. *San Luis Unit Food Producers*, 772 F.Supp.2d at 1224 n. 4.

For example, in *Merrell Dow Pharm. Inc. v. Thompson*, the plaintiffs brought claims for negligence in an Ohio court, alleging that defendant Merrell Dow marketed a drug that resulted in multiple injuries to their children. 478 U.S. 804, 805 (1986). In Count IV of the complaint, the plaintiffs alleged that the drug was misbranded in violation of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 *et seq.*) ("FDCA") since its label did not provide adequate warning that using the drug was potentially dangerous. *Id.* Based on this allegation, Merrell Dow removed the lawsuit to federal court. *Id.* at 806. The District Court denied the plaintiff's motion to remand, reasoning that Count IV alleged a cause of action arising under federal law. *Id.* The Court of Appeals for the Sixth Circuit reasoned that "[f]ederal question jurisdiction . . . . would exist only if plaintiffs' right to relief *depended necessarily* on a substantial question of federal law." *Id.* at 807 n. 2 (*emphasis added*). Since misbranding under FDCA was but one of several criteria for determining Merrell Dow's negligence under Ohio law, the plaintiffs' cause of action did not necessarily depend on a question of federal law. *Id.* Accordingly, the Sixth Circuit reversed the District Court and held that the case was improperly removed to federal court. *Id.* at 807.

The Supreme Court affirmed. *Id.* The Court emphasized the importance of Congress's determination to provide no federal private right of action under the FDCA. *Id.* at 812. Providing a

4

private federal remedy for its violation would flout congressional intent.  *Id.*  Thus, the inclusion of the mislabeling allegations did not transform the state claim into a federal claim.

"The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831. 834 (9th Cir. 2004).  The National Housing Act "govern[s] relations between the mortgagee and the government, and give[s] the mortgagor no claim for duty owed or for the mortgagee's failure to follow" the statute or its implementing regulations.  *Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D.Tex. Mar. 4, 2008).  As such, courts have held that the National Housing Act generally does not contain a private right of action. *See City of Rohnert Park v. Harris*, 601 F.2d 1040, 1046-47 (9th Cir. 1979), *cert. denied*, 445 U.S. 961 (1980).  The provision that Plaintiff asserts is no exception.  *Gaitan v. Mortgage Elec. Registration Sys.*, No. EDCV09-1009 VAP MANX, 2009 WL 3244729, at *9-10 (C.D. Cal. Oct. 5, 2009).  As was the case with the FDCA in *Merrell Dow*, granting Plaintiff a right to enforce the provisions of the National Housing Act here would flout congressional intent.

Despite arguing in their motion to dismiss the Fourth Amended Complaint that claim 2 should be dismissed because the statute provides no private right of action, Defendants maintain in response to Plaintiff's motion to remand that claim 2's allegations relating to Section 1701x(c)(5) are sufficient to confer federal question jurisdiction since the claim's resolution relies on substantial, disputed issues relating to the federal statute.  Defendants' argument is akin to the Supreme Court's observation in *Franchise Tax Board* that even when state law creates a cause of action, "a case might still arise under" the laws of the United States if a well-pleaded complaint established that the right to relief requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 13 (1983).  As the Court subsequently observed, however, "*Franchise Tax Board . . .* did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813.  Accordingly, the Court concluded that Congress's determination not to provide a private right of action for the federal statute was tantamount to its concluding that a "claimed

violation of the statute as an element of the state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

The Supreme Court further clarified the evaluation of federal components of state-law claims in *Grable and Sons Metal Products, Inc. v. Darue Eng'g. and Mfg.*, 545 U.S. 308 (2005). *Grable* arose from an IRS seizure of Grable's real property to satisfy its tax delinquency. After Grable failed to exercise its statutory right of redemption, the Government conveyed the real property to Darue by quitclaim deed. *Id.* at 310-11. Five years later, Grable brought a quiet title action in state court, claiming that the Government had failed to provide personal notice of the property's seizure in compliance with applicable statutes. *Id.* at 311.

Darue removed the case, which the district court refused to remand since the claim presented a "significant question of federal law." *Id.* Both the Sixth Circuit and the Supreme Court affirmed. *Id.* at 311-12. The Supreme Court explained that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

Emphasizing the requirement that the federal question must be substantial, the Court noted its historical reluctance to adopt an "expansive view that mere need to apply federal law in a state law claim will suffice to open the 'arising under' door." *Id.* at 313. At least since its 1912 decision in *Shulthis v. McDougal* (225 U.S. 561, 569), it had "confined federal-question jurisdiction over state-law claims to those that 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Grable*, 545 U.S. at 313. To illustrate the importance of a real and substantial dispute, the Court contrasted the role of the federal statutes in *Shulthis*, in which the federal statutes themselves presented no "controversy respecting their validity, construction, or effect" (225 U.S. at 570), with the function of the statute in *Grable*, in which the federal statutory service requirements were the sole and central issue. 545 U.S. at 316 n. 3.

Even when a state action incorporates a substantial, contested federal question, however, removal to a federal forum is appropriate only if an exercise of federal jurisdiction is consistent with

6

congressional policy regarding the division of jurisdiction between federal and state courts. *Id.* at 313-14.  In *Grable*'s quiet title action, the only legal or factual issue was whether Grable had a superior claim to title as a result of the IRS's failing to give notice as required by the applicable federal statute. *Id.* at 314-15.  Because of the Government's strong interest in the "prompt and certain collection of delinquent taxes," the federal court has a superior interest in construing the statute's meaning. *Id.* at 315.

The *Grable* Court harmonized its decision with that of *Merrell Dow*:

> The [*Merrell Dow*] Court assumed that federal law would have to be applied to resolve the claim, but after closely examining the strength of the federal interest at stake and the implications of opening the federal forum, held federal jurisdiction unavailable.  Congress had not provided a private federal cause of action for violation of the federal branding requirement, and the Court found "it would . . . flout, or at least undermine, congressional intent to conclude that federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation . . . is said to be a . . . 'proximate cause' under state law.

*Grable*, 545 U.S. at 316, *quoting Merrell Dow*, 478 U.S. at 812.

The Court read *Merrell Dow* as "treating the absence of a private right of action as relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." 545 U.S at 318.  First, an absence of a federal right of action diminishes the substantiality of the alleged federal question.  But second, and more importantly, the absence of a federal right of action in the FDCA labeling requirement provided evidence of congressional intent to limit federal jurisdiction over negligence arising from mislabeled drugs in favor of state jurisdiction. *Id.*

This case is more like *Merrell Dow* and *Shulthis* than *Grabel*.  Because the foreclosure prevention provisions of the National Banking Act are not the subject of any controversy respecting their validity, construction, or effect, the federal component of claim 2 presents a less than substantial issue.  In addition, the absence of a private right of action under the foreclosure prevention provisions strongly indicates congressional intent to limit federal involvement in wrongful foreclosure actions, historically a matter of state jurisdiction.

///

///

7

### IV. Conclusion and Recommendation

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), *quoting Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*internal quotation marks omitted*).  Courts must strictly construe the removal statute against removal jurisdiction and impose on the defendant the burden of establishing the propriety of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt about the propriety of removal, the court must reject federal jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Accordingly, the undersigned recommends that the District Court deny federal subject matter jurisdiction and remand this case to the California court.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Each party is advised that its failure to file objections within the specified time may waive its right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED:   7/24/2013                             /s/ SANDRA M. SNYDER
                                               UNITED STATES MAGISTRATE JUDGE